**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE FRANKS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-2138 |
| | ) | |
| ST. LOUIS COUNTY POLICE OFFICER | ) | **JURY TRIAL DEMANDED** |
| DAVID STEINMEYER, | ) | |
| CITY OF BERKELEY POLICE OFFICER | ) | |
| EVELIO VALDESPINO, | ) | |
| CITY OF BERKELEY POLICE OFFICER | ) | |
| JOHN DOE 1, and | ) | |
| ST. LOUIS COUNTY POLICE OFFICER | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**
**INTRODUCTORY STATEMENT**

1.  Plaintiff Bruce Franks, Jr. brings this civil action seeking money damages against David Steinmeyer, Evelio Valdespino, and unidentified police officers John Doe 1 and John Doe 2, all of whom, while acting individually and in concert under color of law, on December 24, 2014, conspired to violate the civil rights of Mr. Franks; used of excessive force against Mr. Franks; and assaulted and battered Mr. Franks, all in violation Mr. Franks's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the state of Missouri.

**JURISDICTION AND VENUE**

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1343. Plaintiff further invokes the Court's supplemental

jurisdiction to hear and decide claims arising under Missouri state law, pursuant to 28 U.S.C. § 1367.

3. Venue in this court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all times referred to herein, Plaintiff Bruce Franks, Jr. was a citizen of the United States of America and a resident of the City of St. Louis, State of Missouri.

5. At all times referred to herein, Defendant David Steinmeyer was a sworn police officer of the St. Louis County Police Department. All of Defendant Steinmeyer's actions set forth in this complaint were carried out under the color of law. Defendant Steinmeyer is sued in his individual capacity.

6. At all times referred to herein, Defendant Evelio Valdespino was a sworn police officer of the City of Berkeley. All of Defendant Valdespino's actions set forth in this complaint were carried out under the color of law. Defendant Evelio Valdespino is sued in his individual capacity.

7. At all times referred to herein, Defendant John Doe 1 was a sworn police officer of the City of Berkeley. All of Defendant Doe 1's actions set forth in this complaint were carried out under the color of law. Defendant John Doe 1 is sued in his individual capacity.

8. At all times referred to herein, Defendant John Doe 2 was a sworn police officer of the St. Louis County Police Department. All of Defendant Doe 2's actions set forth in this complaint were carried out under the color of law. Defendant John Doe 2 is sued in his individual capacity.

## FACTS

9. Plaintiff Bruce Franks, Jr. ("Mr. Franks") is a 32-year-old African-American husband and father of two minor children. Mr. Franks is a member of "the Peacekeepers," a

group of local volunteers trained in techniques to deescalate and defuse volatile situations between police and protesters.

10. The Peacekeepers group is comprised of Mr. Franks, Paul Muhammed ("Mr. Muhammed"), Calvin Kennedy ("Mr. Kennedy"), and Carlos Ball ("Mr. Ball").

11. In order to remain easily identifiable by both police and protesters, the Peacekeepers wear an unofficial uniform: black hooded sweatshirts and hats, each with "PEACEKEEPER" emblazoned across the front in large, white lettering, and plain black pants.

12. On the evening of December 23, 2014, a civil protest began forming at the "Mobil-On-The-Run" gas station located at the 6800 block of North Hanley Road in Berkeley, Missouri (hereinafter "Mobil") in response to the police killing of a young African-American man named Antonio Martin earlier that same day.

13. Mr. Muhammed, who was already present at the scene, summoned Mr. Franks to the Mobil in order to help maintain peace and de-escalate tense interactions between police and protesters.

14. Mr. Franks arrived to the Mobil that evening at or around midnight, wearing his Peacekeeper uniform.

15. Mr. Franks coordinated with Mr. Muhammed, Mr. Kennedy and Mr. Ball, and the group began their de-escalation efforts. The Peacekeepers positioned themselves in between the police and the protesters.

16. Consistent with their training, Mr. Franks and the other Peacekeepers created a buffer zone of space between the growing crowd of protesters and the growing line of police officers at the Mobil.

17. Mr. Franks sensed tension and anxiety among the police officers behind him and

assured the police that the Peacekeepers had everything under control. Mr. Franks shouted over his shoulder toward the police, "Everything's okay. We've got 'em!"

18. Mr. Franks and the Peacekeepers calmly, but firmly, urged the protesters to back up, which they did. As a result, the Peacekeepers created a wider gap between the crowd and the police tape surrounding the crime scene.

19. The members of the Peacekeepers then turned to the police to suggest they could move the tape back, giving the police officers more room than they previously had before the push.

20. At this point, Mr. Franks saw an unidentified police officer reach for his gun.

21. One of the protesters yelled, "Get your hand off your gun!"

22. In response, the same unidentified officer who had reached for his gun grabbed Mr. Kennedy.

23. Fearing for Mr. Kennedy's safety, Mr. Franks bear-hugged Mr. Kennedy in an attempt to pull him back with the other Peacekeepers. In the brief struggle that ensued, the three men lost their balance and fell to the ground.

24. Other officers responded, including Defendant Steinmeyer, and began to place Mr. Franks under arrest.

25. Having been trained in de-escalation, Mr. Franks remained calm and fully compliant with the officers' commands.

26. An officer ordered Mr. Franks to turn over face-down and put his hands behind his back. Mr. Franks complied, and an officer cuffed Mr. Franks's hands behind his back.

27. Simultaneously, someone threw a "flash bang" toward the Mobil near where Mr. Franks lay on his stomach, handcuffed behind his back.

28. While Mr. Franks was still on the ground, Defendant Steinmeyer got on top of Mr. Franks's back.

29. Mr. Franks heard Defendant Steinmeyer scream to him, "Don't touch my gun!" This surprised and alarmed Mr. Franks, who was not in any position to touch anyone's gun.

30. While Mr. Franks lay cuffed and immobilized by Defendant Steinmeyer, Defendant Valdespino repeatedly beat Mr. Franks's legs with a baton. Mr. Franks looked up and saw St. Louis County Police Officer Defendant John Doe 2 approach and kick Mr. Franks in the face several times.

31. Defendant City of Berkeley Police Officer John Doe 1 approached and sprayed Mr. Franks in the face with pepper spray.

32. At no time did Mr. Franks attempt to resist arrest or otherwise interfere with his arrest.

33. Following Mr. Franks's arrest, officers transported him to the Berkeley Police Department for booking.

34. As a result of being beaten by Defendants, Mr. Franks suffered severe pain and physical injuries including lacerations and bruising on his face and head, a torn rotator cuff in his right shoulder, a concussion, and contusions and bruises on his legs due to repeated strikes with a baton, as well an intense burning pain in his eyes as a result of the Defendants' use of pepper spray.

35. At all times, Berkeley Police Officers refused Mr. Franks' requests for medical treatment for those painful injuries.

36. After a few hours, Berkeley officers released Mr. Franks from jail after he posted a cash bond of $500. The officers issued Mr. Franks summonses for charges of Assault on a Law

Enforcement Officer, and Resisting or Interfering with an Arrest.

37. Mr. Franks sought medical examination at Christian Northeast Hospital immediately following his release from the Berkeley jail. He received treatment for his eyes from the pepper spray and for lacerations and contusions to his face and legs.

38. A few days later, Mr. Franks went to Missouri Baptist Hospital where he was treated for a concussion and a torn rotator cuff.

39. Mr. Franks has also received counseling from church leaders in order to cope with the effects of being beaten that night, and believes that he may require further psychological or psychiatric treatment.

40. The charges issued against Mr. Franks had no legal or factual merit and were issued for the pretextual reason, among others, that Defendants were desirous of covering, concealing, and avoiding liability for their misconduct and the misconduct of the others through the issuance of false and fraudulent charges in an attempt to shift the blame and focus to the Plaintiff and to justify their use of force.

41. At no point in time did the Plaintiff accost, assault, or otherwise provoke the beating delivered upon Plaintiff by Defendants. At no time did the Plaintiff threaten, strike, or otherwise provoke the officers to use any level of force against him, much less the excessive, vicious and brutal level of force that was used, as described above.

42. All of the officers at the scene, including the Defendants, joined in the cover and concealment of the abusive conduct described herein by adhering to an unwritten but pervasive code of silence that exists within the St. Louis County and Berkeley Police Departments, whereby officers fail to report their own abusive conduct and that of other officers, as described above, and if asked about the incident, lie about what occurred. While the Defendants are each

aware of the actual circumstances of the attack on Mr. Franks, the version of events, as reported in the incident report, through other official channels, and presented in all statements and testimony of the Defendants, shifts the blame for the attack to Mr. Franks. None of the Defendants or the other officers who were present at or near the scene have corrected the false "official" version of events.

43. The City of Berkeley eventually dismissed all charges against Mr. Franks stemming from the events of December 24, 2014.

## CAUSES OF ACTION

### COUNT I
### USE OF EXCESSIVE FORCE BY ALL DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against all Defendants in Count I, Plaintiff states:

44. By this reference, Mr. Franks incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

45. Defendants, acting individually and in concert, did hit, strike, beat, kick, grab, restrain, use pepper spray on, and/or otherwise brutalize Mr. Franks as described above, and thereby used excessive force against Mr. Franks in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

46. This use of force, carried out against Mr. Franks while he was fully restrained, handcuffed, and lying face-down on the ground, was unreasonable and abusive by any measure.

47. Each of the Defendants was a direct and integral participant in the use of excessive force, and is therefore jointly and severally liable for the damages Mr. Franks suffered.

48. As a direct and proximate result of the brutal physical abuse of Mr. Franks by the Defendants, all committed under color of law and pursuant to their authority as sworn police

officers for St. Louis County and the City of Berkeley, Mr. Franks suffered harm including but not limited to: blunt force trauma injuries to his head and face; bruises, contusions, abrasions and lacerations to his head, face and body; a concussion; a torn rotator cuff; muscular sprain; migraine headaches; weakness; stiffness and soreness; pain of the mind as well as of the body; fear; apprehension; depression and consternation; and deprivation of his right to be free from the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

49. Additionally, Mr. Franks has suffered special damages in the form of medical expenses, and may suffer additional special damages in the future in an amount which cannot yet be determined.

50. The acts of Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Mr. Franks, thus entitling Mr. Franks to an award of punitive damages against the individually named Defendants.

51. If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff Bruce Franks, Jr. prays for judgment against Defendants Steinmeyer, Valdespino, City of Berkeley Police Officer John Doe 1, and St. Louis County Police Officer John Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorneys' fees, and other such relief as the Court deems fair and appropriate under the circumstances.

## COUNT II
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS BY ALL DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983**

For his cause of action against all Defendants, Mr. Franks states:

52. By this reference, Plaintiff incorporates each and every allegation and averment contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53. Defendants, acting in their individual capacities and under color of law, conspired together, and reached a mutual understanding to undertake a course of conduct that violated Mr. Franks' civil rights. In furtherance of this conspiracy, Defendants committed the following overt acts:

   a. Defendants, acting individually and in concert, beat and pepper sprayed Mr. Franks, and otherwise used excessive force upon him as described above.

   b. Defendants, acting individually and in concert, intentionally fabricated and contrived the charges of Resisting Arrest and Resisting or Interfering with an Arrest against Mr. Franks to justify or otherwise avoid liability for the unlawful arrest and heinous treatment of the Mr. Franks as described above.

   c. Defendants, acting individually and in concert, adhered to a code of silence whereby if asked about the incident the Defendants would lie about what occurred. Defendants refused to report the misconduct and unauthorized force used against Mr. Franks as described above to the Internal Affairs Division or to other supervisory or command personnel within the Berkeley Police Department.

54. Defendants and others shared the general conspiratorial objective, which was to beat and abuse Mr. Franks and cause his arrest and detention as described above.

55. As a direct and proximate result of the conspiracy between Defendants and others as described above, Mr. Franks was subjected to the use of excessive force and deprived of his constitutional rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the brutal and outrageous conduct of Defendants as described above, Mr. Franks suffered severe and permanent injuries and damages including; blunt force trauma injuries to his head and face; bruises, contusions, abrasions and

lacerations to his head, face and body; a concussion; a torn rotator cuff; muscular sprain; migraine headaches; weakness; stiffness and soreness; pain of the mind as well as of the body; fear; apprehension; depression; consternation; and the stress and anxiety caused by the issuance of fabricated municipal charges.

57. Additionally, Mr. Franks has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

58. The acts of Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Mr. Franks, thus entitling Mr. Franks to an award of punitive damages against the individually named Defendants.

59. If Mr. Franks prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff Bruce Franks, Jr. prays for judgment against Defendants Steinmeyer, Valdespino, City of Berkeley Police Officer John Doe 1, and St. Louis County Police Officer John Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III
### ASSAULT BY ALL DEFENDANTS
### COGNIZABLE UNDER MISSOURI LAW

For this cause of action against all Defendants in Count III, Plaintiff states:

60. By this reference, Plaintiff incorporates each and every allegation and averment contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61. The acts of Defendants as described above were committed without just cause or

provocation.

62. The Defendants' actions were intended to cause Mr. Franks apprehension of offensive physical contact and fear of bodily harm.

63. Mr. Franks experienced fear and apprehension of suffering bodily harm.

64. Mr. Franks' fear and apprehension, caused by the Defendants' actions, was reasonable.

65. As a direct and proximate result of the brutal and outrageous conduct of Defendants as described above, Mr. Franks suffered severe and permanent injuries and damages including blunt force trauma injuries to his head and face, bruises, contusions, abrasions and lacerations to his head, face and body, a concussion, a torn rotator cuff, muscular sprain, migraine headaches, weakness, stiffness, soreness, and pain of the mind as well as of the body, fear, apprehension, depression and consternation.

66. Additionally, Mr. Franks has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

67. The acts of Defendants as described above were wanton, malicious and oppressive, thus entitling Mr. Franks to an award of punitive damages.

WHEREFORE, Plaintiff Bruce Franks, Jr. prays for judgment against Defendants Steinmeyer, Valdespino, City of Berkeley Police Officer John Doe 1, and St. Louis County Police Officer John Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, for special damages, for punitive damages, for the costs of this action, and for such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## BATTERY BY ALL DEFENDANTS
## COGNIZABLE UNDER MISSOURI LAW

For his cause of action against all Defendants in Count IV, Plaintiff states:

68. By this reference, Plaintiff incorporates each and every allegation and averment contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69. Defendants intended to cause physical contact with Mr. Franks in the manner described more fully above, when they shoved Mr. Franks to the ground, beat him with a baton, kicked him in the face, and pepper-sprayed him in the face.

70. Defendants, acting on such intent, did indeed contact Mr. Franks' body when they shoved him to the ground, beat him with a baton, kicked him in the face, and pepper-sprayed him in the face.

71. Defendants' contact with Mr. Franks and/or the degree of force used against Mr. Franks by Defendants was offensive and/or harmful to Mr. Franks, and/or made without legal justification.

72. As a direct and proximate result of the brutal and outrageous conduct of Defendants as described above, Mr. Franks suffered severe and permanent injuries and damages including blunt force trauma injuries to his head and face, bruises, contusions, abrasions and lacerations to his head, face and body, a concussion, a torn rotator cuff, muscular sprain, migraine headaches, weakness, stiffness, soreness, pain of the mind as well as of the body, fear, apprehension, depression and consternation.

73. Additionally, Mr. Franks has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

74. The acts of Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff Franks, thus entitling Plaintiff to an award of punitive damages against the individually-named Defendants.

WHEREFORE, Plaintiff Bruce Franks, Jr. prays for judgment against Defendants Steinmeyer, Valdespino, City of Berkeley Police Officer John Doe 1, and St. Louis County Police Officer John Doe 2, jointly and severally, for compensatory damages in an amount which is fair and reasonable, for special damages, for punitive damages, for the costs of this action, and for such other relief as the Court deems fair and appropriate under the circumstances.

Date submitted:  December 22, 2016.		Respectfully submitted,
**ArchCity Defenders, Inc.**

By: /s/ *Thomas B. Harvey*
Thomas B. Harvey (MBE #61734MO)
Michael John Voss (MBE #61742MO)
Blake A. Strode (MBE #68422MO)
Edward J. Hall (MBE #0012692IA)
Nathaniel R. Carroll (MBE #67988MO)
Joshua Canavan (MBE #64764MO)*
1210 Locust Street, 2nd Floor
Saint Louis, MO 63103
855-724-2489
314-925-1307 (fax)
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
bstrode@archcitydefenders.org
ehall@archcitydefenders.org
ncarroll@archcitydefenders.org
jcanavan@archcitydefenders.org

*Attorneys for Plaintiff*

* denotes pending application for *pro hac vice* admission