UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRUCE FRANKS, JR., )
)
    Plaintiff, )
)
v. ) Case No. 4:16-cv-2138
)
)
ST. LOUIS COUNTY POLICE OFFICER )
DAVID STEINMEYER, et al. )
)
    Defendants. )
)
)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT DAVID STEINMEYER**

**Preliminary Statement**

    Defendant David Steinmeyer is being sued in his personal capacity for actual damages and punitive damages pursuant to 42 U. S. C. 1983, and also for the state common law tort of battery. The lawsuit against Officer Steinmeyer is without merit. He has filed a Motion for Summary Judgment and a Statement of Uncontroverted Material Facts. This Memorandum of Law is in support of the Motion for Summary Judgment.

    It should be noted that Plaintiff's complaint is in two counts. It appears that the Complaint had been copied and pasted from some other lawsuit. Count I is referred to by plaintiff as Count II, and Count II is referred to by plaintiff as Count IV.

**Statement of Facts**

    Defendant David Steinmeyer incorporates as though fully set out herein his Statement of Undisputed Material Facts as well as his affidavit that is marked as Exhibit A. From this affidavit and from allegations of the Complaint, the following facts are not in dispute.

1

On the night of December 23, 2014 David Steinmeyer was an experienced St. Louis County police officer assigned to the Central County precinct to patrol unincorporated areas of St. Louis County, and on that night he worked the 8 p.m. to 6 a.m. shift. A City of Berkeley police officer killed a man named Antonio Martin that day. A "civil protest" formed that night at the Mobil-On-The-Run gas station within the City of Berkeley. The Berkeley police department issued a call for assistance to other police departments. Officers from various municipal police departments arrived. In addition, some St. Louis County officers arrived, including Officer Steinmeyer under the supervision of his sergeant. The scene at the Mobil-On-The-Run was chaotic and included aggression toward the police. Bruce Franks and three people named Paul Muhammed, Calvin Kennedy, and Carlos Bell call themselves peacekeepers, and they went to the scene because Franks said that they are trained to de-escalate and defuse volatile situations. The peacekeeper group began their de-escalation efforts Bruce Franks observed an unidentified officer grab Calvin Kennedy, and so Franks "bear hugged" Kennedy to pull him back from the unidentified officer. A struggle ensued with the officer and the three men lost their balance and fell to the ground. An unidentified officer ordered Franks to turn over face down and so Franks complied and he was handcuffed, and an officer got on his back. Simultaneous with that, a flash bang went off. When the flashbang went off, Officer Steinmeyer was attempting to handcuff a man later identified as Cameron Martin, but the flashbang stunned Officer Steinmeyer and with his ears ringing he was unable to complete the handcuffing of Mr. Martin; he just leaned or bent over. Officer Steinmeyer was not involved in the handcuffing of Mr. .Franks. As far as Officer Steinmeyer knows, he has never touched or spoken to Mr. Franks in his life.

2

**Statement of Law**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," F.R.C.P. 56(a); Hill v. Walker, 737 F. 3d 1209, 1216 (8th Cir. 2013). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Ricci v. DeStefano*, 557 U. S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Haris, 550 U.S. 372, 380 (2007)* (internal quotations omitted). Also see *AgriStor Leasing v. Farrow*, 826 F. 2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*, 477 U. S. 242 (1986). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U. S. 317, 323 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.* at 247-48 (1986). A plaintiff cannot create sham issues of fact to defeat summary judgment, *Wilson v. Westinghouse Elec. Corp.*, 838 F. 2d 286, 289 (8th Cir. 1988).

It should be noted that plaintiff now seems to realize that allegations made in the Complaint were wrong. For example, although plaintiff alleges that Berkeley police officer

3

Valdespino "repeatedly beat Mr. Franks' legs with a baton" plaintiff has already moved to dismiss Officer Valdespino in Doc 13. The affidavit of Officer Steinmeyer demonstrates that the allegations pertaining to Steinmeyer are also wrong; Steinmeyer did <u>not</u> get on top of Mr. Franks' back as alleged in paragraph 28, and in fact did not touch or speak to Mr. Franks. However it is undisputed that a serious situation was occurring, police officers from all over St. Louis were summoned to assist the Berkeley police department, the "peacekeeper" group was attempting to defuse and deescalate the situation, and then when an unidentified police officer grabbed Mr. Kennedy, then Mr. Franks by his own pleadings "bear-hugged" Mr. Kennedy, and then during "the brief struggle that ensued" with the police officer, Mr. Kennedy and Mr. Franks and the officer lost their balance and fell to the ground. Other officers responded, and one of the officers who responded, mistakenly referred to as Defendant Steinmeyer, got on Mr. Franks' back. That police officer is not Officer Steinmeyer. Whoever it is that got on top of the back of Mr. Franks, would be entitled to Qualified Immunity. So even if Officer Steinmeyer had gotten on the back of Mr. Franks (which he did not) Steinmeyer would be entitled to Qualified Immunity.

Qualified Immunity protects government official from liability for civil damages if they have not violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Akins v. Epperly*, 588 F. 3d 1178, 1183 (8th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). This immunity permits government officers to make reasonable errors. *Habiger v. City of Fargo et al*, 80 F. 3d 289, 295 (8th Cir. 1996) and provides ample room for mistaken judgments. *Malley v. Briggs*, 475 U. S. 335, 343 (1986); *Borgman v. Kedley*, 646 F. 3d 518, 522 (8th Cir. 2011). The qualified immunity defense protects public officials unless they are plainly incompetent or knowingly violate the law. *Id.*, (Quoting

4

*Hunter v. Bryant*, 502 U. S. 224, 229 (1991). Also see *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012) (citations omitted). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines (citation omitted)." *Luckert v. Dodge County*, 684 F. 3d 808, 817 (8th Cir. 2012). Whether an officer's use of force is excessive is a question of whether the force used was objectively reasonable under the particular circumstances. *Copeland v. Locke*, 613 F. 3d 875, 881 (8th Cir. 2010). Also see *Foster v. Metro Airports Comm'n*, 914 F. 2d 1076, 1082 (8th Cir. 1990). Whether a particular use of force is unreasonable must be judged from the perspective of a reasonable officer on the scene rather than with the 20/20 vision of hindsight. *Schoettle v. Jefferson County*, 788 F. 3d 855, 859 quoting *Graham v. Connor*, 490 U. S. 386, 396 (1989). Government officers are often forced to make split second judgments in circumstances that are tense and uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation. *Id*. Additional considerations to determine the reasonableness of force used are the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 273 (2015). To determine whether governmental officials are entitled to qualified immunity, courts consider two factors: (1) whether the facts alleged, construed in the light most favorable to the plaintiff established a violation of a constitutional or statutory rights and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable person would have known that her actions were unlawful. *Keil v. Triveline*, 661 F. 3d 981, 985 (8th Cir. 2011).

Qualified Immunity is immunity from suit rather than merely a defense to liability. *Mitchell v. Forsyth*, 472 U. S. 511, 526 (1985). A defendants is entitled to a thorough determination of a claim of qualified immunity if that immunity is to mean anything at all. *O'Neill v. City of Iowa City*, 496 F. 3d 915, 918 (8th Cir. 2007).

In addition the officer who allegedly got on the back of plaintiff, whoever he or she is, would not be liable under state law.

In Missouri the standard for determining whether a law enforcement officer is liable for assault and battery is different from the standard for determining whether a private individual is liable. *Washington v. Drug Enforcement Admin.*, 183 F. 3d 868, 874 (8th Cir. 1999). Under Missouri law, a governmental official is not answerable in damages for assault and battery unless he used more force than was reasonably necessary. *Neal v. Helbling*, 726 S. W. 2d 483, 487 (Mo. Ct. App. 1987). Further it has been held that an officer in the first instance is the judge of the manner and means to be taken in making an arrest, and unless a plaintiff can show that unnecessary force was used, courts will protect the officer. *Id* (citing *Manson v. Wabash Railroad Co.*, 388 S.W. 2d 54, 61 (Mo. 1960). So under Missouri law, the officers did not commit an assault and battery.

Under Missouri law, the doctrine of official immunity shields public officers and state officials from civil liability for injuries arising out of their discretionary acts, functions, or omissions performed in the exercise of their official duties. *Hawkins v. Holloway*, 316 F. 3d 777, 788-89 (8th Cir. 2003) (quoting *Harris v. Munoz*, 43 S. W. 3d. 384, 387 (Mo. Ct. App. 2001). Also see *Bachmann v.* Welby, 860 S. W. 2d 31, 33 Mo. Ct. App. 1993). Official immunity does not apply to acts done in bad faith or with malice. *Id.* Bad faith or malice generally requires actual intent to cause injury. *Blue v. Harrah's North Kansas City*, 170 S. W.

6


3d 466, 479 (Mo. Ct. App. 2005). Further, it has been held that a governmental officer's decision to use force is discretionary with respect to Official Immunity. *Davis v. White*, 794 F. 3d 1008, 1013 (8th Cir. 2015). So under state law, the officer who allegedly got on the back of Bruce Franks, after Franks and another man had a "brief struggle" with another police officer, would be entitled to the defense of Official Immunity.

**Conclusion**

There are no material facts in dispute as to Defendant David Steinmeyer and he is entitled to summary judgment as a matter of law. He was not use any force on Bruce Franks. He did not violate the constitutional rights of Bruce Franks and even if he had been the officer who got on the back of Mr. Franks after Franks and another man had a struggle with another police officer causing the three of them to fall down, he would be protected by Qualified Immunity under federal law, and further as a matter of state law he did not commit a battery, and further under state law he would be protected by the Doctrine of Official Immunity. Summary Judgment is proper as to Police Officer David Steinmeyer.

Respectfully Submitted,

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes    #23360MO
Associate County Counsel
Mhughes2@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically to all counsel of record via this Court's Electronic Filing System this 15th day of March, 2017

                                                        /s/   Michael E. Hughes